**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 12-CR-156-GKF |
| | ) |
| LEONARDO ZAAVEDRA, A/K/A "LEON," | ) |
| ANDRE ZAAVEDRA, | ) |
| NOE VERGARA WUENCES, | ) |
| | ) |
| Defendants. | ) |

## **OPINION AND ORDER**

Before the court is the Motion to Reconsider Court's Ruling on Defendant's Motion to Suppress [Dkt. #69] filed by defendant Noe Vergara Wuences ("Wuences"). Wuences seeks reconsideration of the court's denial [Dkt. #62] of two motions to suppress evidence [Dkt. ##23, 48] obtained from two cell phones seized from his vehicle when he was arrested after officers found methamphetamine hidden in the vehicle he was driving.[1]

On March 22, 2012, an Oklahoma City police officer stopped Wuences' vehicle on I-35 for an improper license tag display. Wuences consented to a search of the vehicle. The officer requested a K-9 backup. The K-9 dog sniffed the exterior of the vehicle and signaled that it detected the odor of controlled substances, at which time officers began searching the vehicle. The officers found approximately 9.5 pounds of methamphetamine in hidden compartments of the car. They arrested Wuences and conducted a search of the vehicle.

---

[1] The court's orders denying the motions to suppress are set forth on the record of an evidentiary hearing held August 5, 2013, and in the Minute Order memorializing the rulings. [Dkt. #62].

According to a report prepared by Officer Scott McCall, two cell phones—a Nokia and a ZTE—were found in the car. He testified that it is typical for drug traffickers to have a lot of phone calls to a particular number during a short period of time, as those people who are sending and receiving the product are checking in with a courier to find out where the product is. Officer McCall testified that several phone calls came into each phone while he was visually examining them. The calls to the Nokia were all from the same phone number. The calls to the ZTE phone were from two different phone numbers. He used a Cellebrite device to attempt to extract information from the cellphones in order to retrieve contacts, phone calls sent or received on the phone, photographs and text messages. He was able to extract information from the ZTE using Cellebrite, and downloaded phone contacts, phone calls made and received, photographs and text messages. The Cellebrite device did not work on the Nokia phone, so he visually recorded that information from the Nokia. Based on this information, law enforcement concluded that two of the people whose names and information appeared in Wuences' cell phones were involved in distribution and trafficking of illegal drugs.

Defendants were charged with conspiracy to distribute methamphetamine, possession with intent to distribute methamphetamine, distribution of methamphetamine, and possession of firearms in furtherance of a drug trafficking crime. [Dkt. #43, Superseding Indictment].

Wuences moved to suppress evidence found on the cell phones, asserting the warrantless search of the phones violated his Fourth Amendment right against unreasonable search and seizure. [Dkt. ## 23, 48]. At the conclusion of an evidentiary hearing on August 5, 2013, the court found that the automobile exception applied and the search of the cell phones was lawful because once methamphetamine was found in concealed compartments in the car, the officers

had reasonable cause to believe the cell phones were being used in furtherance of the illegal sale of drugs. [Dkt. #62].

"Under the automobile exception, 'police officers who have probable cause to believe there is contraband inside an automobile that has been stopped on the road may search it without obtaining a warrant.'" *United States v. Oliver*, 363 F.3d 1061, 1068 (10th Cir. 2004) (quoting *Florida v. Meyers*, 466 U.S. 280, 318 (1984) (per curiam)). Furthermore, the search may include "the containers within it where they have probable cause to believe contraband or evidence is contained." *California v. Acevedo*, 500 U.S. 565, 580 (1991).

In his Motion to Reconsider, Wuences likens cell phones to computers and argues that because they have the capacity to store immense amounts of data, they should not be subject to the automobile exception.

The concern expressed by Wuences has not gone unrecognized by the Tenth Circuit. In *United States v. Burgess*, 576 F.3d 1078 (10th Cir. 2009), the court, in *dicta*, discussed whether the contents of a computer and hard drives found in a motor home could be searched pursuant to the automobile exception. The court stated:

> In spite of clear language in *Acevedo*, one might speculate whether the Supreme Court would treat laptop computers, hard drives, flash drives or even cell phones as it has a briefcase or give those types of devices preferred status because of their unique ability to hold vast amounts of diverse personal information. Interesting as the issue may be, we need not now resolve it because the search of Burgess' hard drives was authorized by a warrant.

*Id.* at 1090.

To date, the Tenth Circuit has not resolved the question of whether the warrantless search of a computer or cell phone found in a car is subject to the automobile exception. However, in *United States v. Fierros-Alavarez*, 547 F. Supp.2d 1206 (D. Kan. 2008), the United States District Court for the District of Kansas found that it is. In *Fierros-Alavarez*, the defendant filed

a motion to suppress evidence retrieved from a cell phone that had been seized from his car after his arrest at a Kansas turnpike plaza. *Id.* at 1207. The arresting trooper detected evidence of a hidden compartment and called in a drug-detection canine who alerted to the area of the suspected compartment. *Id.* at 1208. Troopers then removed the vehicle to a garage facility where they exposed the compartment and found three pounds of meth packaged in a manner consistent with distribution or resale. *Id.* They again searched the vehicle for evidence of drug trafficking and seized the cell phone, believing it had likely been used to facilitate the distribution of drugs. *Id.* The next morning, a trooper searched the "phone book" directory, recent calls directory and picture and video file of the cell phone, recorded the number for the phone and noted its service provider. *Id.*

The district court, citing *Oliver*, denied the motion to suppress. It noted that cell phones are "recognized tools of the drug-dealing trade," and found troopers had probable cause to believe the cell phone at issue contained evidence of defendant's contact with others who might be involved in drug dealing. *Id.* at 1212. The court stated:

> [T]he transportation of personal belongings in an automobile substantially diminishes a person's privacy expectations. Based on the cases and arguments raised to date, the courts generally have not been inclined to suspend general Fourth Amendment jurisprudence on exceptions to the search warrant simply because the container is a cellular telephone.

*Id.* at 1213-14. The court rejected defendant's argument that the delay in searching the cell phone took the search outside the automobile exception, finding that "a container in a vehicle may be searched without a warrant within a reasonable time after its removal from the vehicle." *Id.* at 1211.

The District Court of Kansas reached a similar conclusion in *United States v. Rocha*, 2008 WL 4498950 (D. Kan. Oct. 2, 2008), another case in which drugs were discovered in a car

4

after a traffic stop, and cell phones found in the car were seized and examined. ("Because probable cause existed to believe that evidence of a crime would be found in the cell phone information, the automobile exception allows the search of the cell phones just as it allows a search of other closed containers found in vehicles.").

Several district courts in other circuits have held that officers may search the contents of a cell phone seized during a traffic stop as long as there is probable cause to believe the phone contained evidence of a crime. *See United States v. Garcia-Aleman*, 2010 WL 2635071 (E.D. Tex., June 9, 2010), report and recommendation adopted, 2010 WL 2635073 (E.D. Tex. June 30, 2010); *United States v. Monson-Perez*, 2010 WL 889833 (E.D. Mo. March 8, 2010); *United States v. James*, 2008 WL 1925032 (E.D. Mo. April 29, 2008), aff'd in part on other grounds, 618 F.3d 832 (8th Cir. 2010); *United States v. Ball*, 2005 WL 2649496 (W.D. Mo. Oct. 14, 2005), aff'd on other grounds, 499 F.3d 890 (8th Cir. 2007), cert. granted, judgment vacated on other grounds, 129 S. Ct. 2049 (2009); *United States v. Cole*, 2010 WL 3210963 (N.D. Ga. Aug. 11, 2010).

The court finds, based on the record at the evidentiary hearing, that there was probable cause to believe the cell phones contained evidence of a crime. Further, the court finds that officers had reason to believe there was a risk that the evidence could be destroyed by remote means. *See United States v. Flores-Lopez*, 670 F.3d 803, 807-810 (7th Cir. 2012) (discussing technological tools available for remote wiping of data on cellular phones). Finally, the court concludes the holdings in *Fierros-Alavarez* and *Rocha*, as well as the other district court cases cited, to be persuasive and holds that the warrantless search of the cell phones found in defendant's vehicle was permissible under the automobile exception.

Therefore, the Motion to Reconsider Court's Ruling on Defendant's Motion to Suppress [Dkt. #69] is denied.

ENTERED this 9th day of December, 2013.

*/s/ Gregory K. Frizzell*
GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT